IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CELLULARVISION TECHNOLOGY &
TELECOMMUNICATIONS, L.P., a
Deleware Limited Partnership                                              PLAINTIFF

VS.                                      No. 4:07CV00444

ALLTEL CORPORATION, a Deleware
Corporation, ALLTEL
COMMUNICATIONS, INC., a Deleware
Corporation, and ALLTEL WIRELESS
HOLDINGS, LLC, a Deleware Limited
Liability Company                                                         DEFENDANTS

## ORDER

Cellularvision Technology and Telecommunications, LP ("Cellularvision") filed this lawsuit alleging that the Alltel Defendants' use of its cellular network to provide broadcasts of videos from cellular telephones to subscribers for viewing infringes Claim One of U.S. Patent No. 4,747,160 ("the 160 Patent"). This patent infringement action consists of two elements, "construing the patent and determining whether infringement occurred." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996). "The first is a question of law, to be determined by the court, construing the letters-patent, and the description of the invention and specification of claim annexed to them. The second is a question of fact, to be submitted to a jury." *Id*. In this opinion, the Court will consider the first step, claim construction.

It is a "bedrock principle" of patent law that "the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.* 415 F.3d 1303, 1312 (Fed. Cir. 2005)(en banc) *citations omitted*. "It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, i.e., the patent itself,

including the claims, the specification and, if in evidence, the prosecution history. Such intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) *citations omitted*. Claim construction begins with the claims themselves which provide "substantial guidance as to the meaning of the particular claim terms." *Phillips,* 415 F.3d at 1314.   The words of a claim are to be given "their ordinary and customary meaning" which is the meaning "that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Id*. at 1312.   "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id*. at 1314.  It is also necessary to review the specification to determine whether the inventor has used any terms in a manner inconsistent with their ordinary meaning. The specification acts as a dictionary when it expressly defines terms used in the claims or when it defines terms by implication. *Markman*, 52 F.3d at 979.  The court may also consider the prosecution history of the patent, if in evidence. *Id*. at 980.  The Court may also consider extrinsic evidence however, "while extrinsic evidence can shed useful light on the relevant art, we have explained that it is less significant than the intrinsic record in determining the legally operative meaning of claim language." *Phillips,* 415 F. 3d at 1317, *citations omitted*.

   Claim 1, the only claim of the '160 patent at issue, states as follows:

> A low power, multi-function cellular television system including a plurality of low power cell node transmitter and a plurality of receivers comprising:
>
>   A plurality of substantially omni-directional

>  transmitting antennas connected to cell node
>  transmitter stations; and,
>
>  A plurality of directional receiving antennas connected to
>  subscriber receiver stations and directed to receive a
>  television signal from only one of said omni-directional
>  transmitting antennas.

Plaintiff contends that the following terms contained in the '160 patent may require claim construction: low power; multi-function cellular television system; plurality; cell node transmitters/cell node transmitter stations; substantially omni-directional transmitting antennas; connected to; directional receiving antennas; subscriber receiver stations, and directed to receive a television signal.  The Alltel Defendants contend that the following terms require construction: omni directional transmitting antennas; cell node transmitter stations; directional receiving antennas, and television signals.

The Court provides construction of the following claim terms:

Plurality: means two or more.

Omnidirectional transmitting antennas: an antenna capable of transmitting signals uniformly in all directions.

Cell node transmitter stations: a station that converts an audio or visual signal into a signal suitable for wireless transmission.

As to the remaining terms, the Court finds that their ordinary meaning is "readily apparent" such that claim construction "involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips*, 415 F. 3d at 1314.  Accordingly, the Court will not further define them.

Wherefore, the parties' motions regarding claim construction, docket #'s 36 and 38 are

granted in part and denied in part as set forth herein. The Alltel Defendants' motion to stay pending resolution of claims construction issues, docket # 69, is denied as moot.

IT IS SO ORDERED this 26th day of March, 2008.

_____
James M. Moody
United States District Judge